10-3004-ag
Zhang v. Holder

BIA
A073 680 816

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
>       REENA RAGGI,
>       RICHARD C. WESLEY,
>       GERARD E. LYNCH,
>           *Circuit Judges.*

_____

XIAO LE ZHANG,
>       *Petitioner,*

>       v.                                          10-3004-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Sara J. Bergene, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiao Le Zhang, a native and citizen of the People's Republic of China, seeks review of a June 30, 2010, decision of the BIA denying her motion to reopen. *In re Xiao Le Zhang*, No. A073 680 816 (B.I.A. June 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Zhang's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Zhang's motion was indisputably untimely and number-barred because it was filed more than seven years after the agency's final order of deportation and it was her third motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(i),

2

there is no time or numerical limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Zhang's newly commenced practice of Christianity constituted a change in her personal circumstances, rather than a change in country conditions sufficient to excuse the applicable time and numerical limitations.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen).  Moreover, the BIA did not err in finding that the evidence that Zhang submitted in support of her motion to reopen failed to demonstrate a material change in country conditions excusing the untimely and number-barred filing of her motion; that evidence indicated that since Zhang's 2000 deportation hearing, the Chinese government had continually repressed unregistered Christian churches.  Furthermore,

although the evidence indicates that the Chinese government may have intensified its repression of unregistered religious groups in certain regions in the period leading up to the 2008 Olympics, that intensification was not material to Zhang's motion, which was filed more than one year after the Olympics had concluded.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169.  Accordingly, the BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely and number-barred.  *See* 8 U.S.C. § 1229a(c)(7); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4